# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC., and MCIMETRO ACCESS TRANSMISSION SERVICES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITY PAVING COMPANY, INC.,<br><br>Defendant. | Case No. 1:15-CV-01940-LJO-JLT<br><br>MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 9) |

## INTRODUCTION

This is a diversity action[1] concerning allegations that Defendant Security Paving Company, Inc. ("SPC"), was excavating in an area over which Plaintiffs MCI Communications Services and MCIMetro Access Transmission Services LLC (collectively, "MCI") claim to have undisturbed possession, and that SPC severed three fiber-optic cables. Doc. 1 ("Compl."). In the complaint, MCI alleges trespass, negligence, and violations of three California statutory provisions, and seeks actual damages, punitive damages, and treble damages against SPC. *Id.* SPC has moved the Court to dismiss the trespass claim and the requests for punitive and treble damages. Doc. 9. MCI filed an opposition (Doc. 16) and SPC has replied (Doc. 21). The matter is appropriate for resolution without oral argument. *See* E.D. Cal. Civ. L.R. 230(g). For the reasons below, the Court GRANTS in part and DENIES in part SPC's motion to dismiss.

---

[1] The complaint alleges that plaintiffs are citizens of Delaware and New Jersey, the defendant is a citizen of California, and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. Compl. ¶¶ 1-6.

## I. FACTUAL ALLEGATIONS[2]

MCI is a company that provides telecommunications services through a national, mostly subterranean network of fiber-optic cables. Compl. ¶ 8. As required by California Government Code ("Cal. Gov't Code") § 4216.1, MCI is a member of a regional notification center—specifically, the "Underground Service Alert -- Northern California," which receives notices of excavation in Kern County, California under Cal. Gov't Code § 4216.2. *Id.* ¶ 9. By agreement with the California Department of Transportation, Kern County, and/or the City of Bakersfield (the "Permit"), MCI possesses the right to install, operate, and maintain a fiber-optic cable system under, and/or in the rights-of-way of, various streets in Bakersfield. *Id.* ¶ 10. Pursuant to the Permit, MCI installed three fiber-optic cables (the "Cables") in the right-of-way of Truxton Avenue in Bakersfield. *Id.* The Permit entitles MCI to "undisturbed possession of that right and of the area of the Truxton Avenue right-of-way in which it has installed and operates the Cables." *Id.*

On February 22, 2013, without MCI's knowledge or consent, SPC severed the Cables while excavating with mechanized equipment in the right-of-way of Truxton Avenue. *Id.* ¶¶ 12, 14. At the point where the Cables were severed, they were located completely within the Truxton Avenue right-of-way pursuant to the Permit. *Id.* ¶ 14. Prior to February 22, 2013, MCI had repeatedly marked the approximate location of the Cables in this area as required by Cal. Gov. Code §§ 4216.3(a)(1), (b). *Id.* ¶ 13. MCI claims that SPC's actions were "intentional, grossly negligent and/or reckless and exhibited a willful and wanton disregard of MCI's rights and a conscious indifference to the consequences." *Id.* ¶ 16. MCI additionally claims that as a result of SPC's actions, MCI "sustained disturbance to its right of use or servitude and damage to and loss of use of the Cables," and has incurred damages in excess of $75,000. *Id.* ¶ 15.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under

---

[2] These allegations are drawn from MCI's complaint, the truth of which the Court must assume for purposes of a Rule 12(b)(6) motion to dismiss.

2

a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III. DISCUSSION

A. **Trespass**

Under California law, the elements of the intentional tort of trespass are "(1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry on

3

the property; (3) lack of permission to enter the property, or acts in excess of the permission; (4) actual harm; and (5) the defendant's conduct as a substantial factor in causing the harm." *Ralphs Grocery Co. v. United Food and Commercial Workers Union Local 8*, 113 Cal. Rptr. 3d 88, 93 (Cal. Ct. App. 2010) (citing CACI No. 2000), reversed on other grounds by *Ralphs Grocery Co. v. United Food and Commercial Workers Union Local 8*, 290 P.3d 1116 (Cal. 2012). California courts have emphasized that a trespass cause of action requires the "invasion of the interest in the exclusive possession of land, as by entry upon it." *Wilson v. Interlake Steel Co.*, 649 P.2d 922, 925 (Cal. 1982); *Kapner v. Meadowlark Ranch Ass'n*, 11 Cal. Rptr. 3d 138, 144 (Cal. Ct. App. 2004); *see also Hernandez v. Lopez*, 103 Cal. Rptr. 3d. 376, 381(Cal. Ct. App. 2009) ("A trespass cause of action protects possessory interest in land from unlawful interference.").

SPC seeks dismissal of MCI's trespass claim on the basis that the complaint fails to allege a sufficient possessory interest in the land where the damage to the Cables occurred. Doc. 9-1, at 4-6. In support of its argument, SPC directs the Court to *Level 3 Commc'ns Inc., v. Lidco Imperial Valley, Inc.*, No. 11-cv-01258 BTM-MDD, 2012 WL 4848929 (S. D. Cal. Oct. 11, 2012), which confronted a factual scenario similar to the one at hand. The plaintiff in *Lidco* had installed underground conduits and a fiberoptic telecommunications cable pursuant to an easement that granted the plaintiff various rights over the land. *Id.* at * 1. The defendant was excavating across the easement to install a drainage line when it damaged the conduits and severed the fiber-optic cable. *Id.* Upon review of California law, which clearly indicates that an easement is a *nonpossessory* right to enter and use land in another's possession, the court in *Lidco* concluded that there was no support for "the proposition that an easement providing a limited right of access to a piece of real property owned and possessed by someone else can support an action for trespass." *Id.* at *3-4 (citing *Main Street Plaza v. Cartright & Main, LLC,* 124 Cal. Rptr. 3d 170 (Cal. Ct. App. 2011) and *Moylan v. Dykes*, 226 Cal. Rptr. 673 (Cal. Ct. App. 1986)). Relying on *Moylan*, the court in *Lidco* concluded that the grantee of an easement may bring an action for damages based on interference with its rights under the easement, but such an action would sound in nuisance, not trespass. *Id.* at *3.

*Lidco* is directly on point. The instant complaint alleges that MCI was granted a right of use

over the land where SPC damaged the Cables, and that MCI "sustained disturbance to its right of use or servitude" as the result of SPC's actions. Compl. ¶¶ 10, 15. As *Lidco*, SPC did not have consent or permission from the plaintiff to excavate on the easement. 2012 WL 4848929 at * 1. California courts have consistently held that an easement is not a possessory interest in land. *See, e.g.*, *Kazi v. State Farm Fire & Cas. Co.*, 15 P.3d 223, 229 (Cal. 2001) (an easement "represent[s] only a nonpossessory right to use another's property"); *Beyer v. Tahoe Sands Resort*, 29 Cal. Rptr. 3d. 561, 571 (Cal. Ct. App. 2005); *Golden West Baseball Co. v. City of Anaheim*, 31 Cal. Rptr. 2d 378, 394 (Cal. Ct. App. 1994). Thus, MCI has failed to allege a possessory interest in the land, *see id.*, which is required to sustain an action for trespass. *Wilson*, 649 P.2d at 925. Accordingly, MCI's trespass claim does not state a plausible entitlement to relief. *See Starr*, 652 F.3d at 1216.

MCI does not meaningfully challenge the conclusion that a cause of action for trespass cannot be maintained over an easement. Two of the cases that MCI cites, *Cave v. Crafts*, 53 Cal. 135 (1878) and *Southern Pac. Co. v. Burr*, 86 Cal. 279 (1890) are both factually distinguishable and contain no analysis of the issues relevant to this case. MCI also cites *Pacific Tel. & Tel. Co. v. Granite Constr. Co.*, 37 Cal. Rptr. 727 (Cal. Ct. App. 1964), which held that the defendant "did trespass upon plaintiff's franchise rights" in damaging the plaintiff's underground cable. However, MCI's reliance on *Pacific Tel.* was squarely addressed by *Lidco*, which noted that *Pacific Tel.* makes no mention of easements and imposed liability upon the defendant for defendant's "negligent or intentional failure to use proper care." *See* 2012 WL 4848929 at *4. Finally, MCI cites *MCI Telecomms. Corp. v. ERM W. Inc.,* 1996 WL 33569922 (E. D. Cal. Dec. 26, 1996), which granted summary judgment for the plaintiff on the liability portion of its trespass claim after the defendant severed its subterranean fiber optic cable during a drilling operation. However, this Court finds *ERM* distinguishable for two reasons. First, it is unclear whether the plaintiff in *ERM* had an easement over the land where the defendant damaged the cable. Second, the issue in *ERM* was whether the defendant's alleged due care was a defense to trespass, not whether the plaintiff had a sufficient possessory interest in the land. *See id.* at *1-2.

MCI also argues that its complaint states claims for trespass to chattel and nuisance, even though the complaint does not explicitly make these claims. Doc. 16 (Pls. Opp'n to Mot. to

Dismiss), at 5-8. In connection with the newly raised trespass to chattel claim, MCI makes a new factual allegation that it had a "materially valuable interest in the physical condition, quality and value of the Cables." *Id.*, at 7-8. The Court cannot consider factual allegations not made in the complaint. *See Schneider v. Cal. Dept. of Corrs.*, 151 F.3d 1194, 1198 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss") (emphasis in original). Moreover, as noted by SPC, the elements of trespass to chattel and nuisance are different from trespass to real property, as are the respective burdens of proof and possible defenses. *See Intel Corp v. Hamidi*, 71 P.3d 296, 302-304 (Cal. 2003) (trespass to chattel); *Mangini v. Aerojet-General* Corp, 281 Cal. Rptr. 827, 832-33 (Cal. Ct. All. 1991) (nuisance). In light of the Ninth Circuit's holding that a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," *Starr*, 652 F.3d at 1216, the Court agrees with SPC's argument that although "the label affixed to a particular claim for relief is not controlling, [SPC] should still not need to hit a moving target." Doc. 21, at 1. The trespass allegation in the complaint centers on SPC's interference with MCI's "right of way," not the damage to the Cables, makes no mention of nuisance, and appears to be directed only towards a claim of trespass to real property. Compl. ¶¶ 11-16. The Court has determined, *supra*, that such a claim does not present a plausible entitlement to relief.

For these reasons, the Court finds that dismissal of MCI's trespass claim is appropriate and will therefore GRANT SPC's motion to dismiss MCI's trespass claim, with leave to amend.

B. **Punitive Damages**

Under California Civil Code § 3294(a), a plaintiff may recover punitive damages in addition to actual damages in "an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." "Federal district courts sitting in diversity apply the substantive law of the forum state, but apply procedural rules as stated in the Federal Rules of Civil Procedure." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1183-84 (E. D. Cal. 2005) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

The parties first dispute the appropriate pleading standard for punitive damages. "District courts in this circuit have disagreed over whether the pleading standards [of the Federal Rules of Civil Procedure] may be used to dismiss a prayer for punitive damages." *Henninghan v. Insphere Ins. Solutions, Inc.*, No. 13-cv-638-JST, 2013 WL 1758934, *6 (N.D. Cal. Apr. 24, 2013). SPC urges the Court to adopt the approach set forth in *Kelley v. Corrs. Corp. of Am.*, 750 F. Supp. 2d 1132, 1147 (E. D. Cal. 2010). In *Kelley*, another court in this district observed that prior to the Supreme Court's decision in *Twombly* in 2007 and *Iqbal* in 2009, conclusory assertions of malice, fraud, or oppression were sufficient to state a claim for punitive damages in diversity actions. 750 F. Supp. 2d at 1147. However, acknowledging the trend towards heightened pleading standards in federal court, *Kelley* concluded that "the application of the pleading standards in *Twombly* and *Iqbal* to claims for punitive damages under California law serves the salutary purpose of harmonizing standards applicable to state and federal proceedings while avoiding unnecessary pleading distinctions between consequential and punitive damages claims." *Id*. *Kelley* has been followed by at least two other courts in this district: *Guarantee Real Estate v. Hanover Ins. Co.*, No. 1:14-cv-00860-TLN-MJS, 2014 WL 5817536, *5 (E. D. Cal. Nov. 7, 2014) and *Granger v. Lowe's Home Ctrs., LLC*, No. 1:14-cv-01212-KJM-SKO, 2014 WL 4976134, *4-6 (E. D. Cal. Oct. 3, 2014).

MCI argues that conclusory allegations are sufficient to support a claim for punitive damages, even after *Twombly* and *Iqbal*, citing three district court decisions in this circuit. Doc. 21, at 9. These decisions—*Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273 (N.D. Cal. 2015), *Taheny v. Wells Fargo Bank, N.A.*, No. CIV-S-10-2123 LKK-EFB, 2011 WL 1466944, *4 (E. D. Cal. Apr. 11, 2011), and *Somera v. Indymac Fed. Bank, FSB*, No. 2:09-cv-01947-FCD-DAD, 2010 WL 761221, *9-10 (E. D. Cal. Mar. 3, 2010)—all rely on *Clark v. Allstate Ins. Co.*, 106 F. Supp.2d 1016, 1019-20 (S. D. Cal. 2000), which reasoned, "[a]lthough section 3294 provides the governing substantive law for punitive damages, California's heightened pleading standard irreconcilably conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure—the provisions governing the adequacy of pleadings in federal court." *Clark* then held that "in federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and

conclusory averments of malice or fraudulent intent." 106 F. Supp.2d at 1019. Notably, however, *Clark* pre-dates *Twombly* and *Iqbal*, and *Rees*, *Taheny*, and *Somera* contain no independent analysis as to why the heightened pleading standards in *Twombly* and *Iqbal* should not apply to the pleading of punitive damages in a diversity action. Other decisions declining to apply *Twombly* and *Iqbal* in these circumstances provide no substantive justification for their departure from Supreme Court precedent. *See, e.g. Henninghan*, 2013 WL 1758934 at *6; *Putini v. Blair Corp.*, No. 09-cv-2729-W (BLM), 2010 WL 1797019, *2-3 (S. D. Cal. May 3, 2010). These decisions assume an approach to federal pleading standards that is incongruous with the Supreme Court's most recent decisions on the issue. Therefore, the Court declines to follow *Clark* and its progeny, and will instead apply the standard set forth in *Kelley*.

Accordingly, the Court evaluates whether MCI has sufficiently alleged "oppression, fraud, or malice." *Kelley*, 750 F. Supp. 2d at 1147-8. The complaint seeks punitive damages in relation to the trespass claim, the negligence claim, and the claim for statutory liability under California Public Utility Code § 7951 ("§ 7951"). It alleges that MCI warned SPC of the Cables' presence prior to February 22, 2013 by marking their location as required by California statute, and despite these warnings, that SPC acted intentionally, recklessly, with gross negligence, and exhibited a willful and wanton disregard of MCI's rights and a conscious indifference to the consequences by excavating in an area SPC should have known contained the Cables. Compl. ¶¶ 9, 12-16, 18-20, 29-30.

Taking MCI's allegations as true, the Court finds that MCI has alleged conduct by SPC that plausibly suggests entitlement to relief—specifically, that SPC damaged the Cables through willful and wanton disregard of the statutes, regulations, and industry safety standards by excavating with mechanized equipment over an area that had been duly marked. *See id.* The Court finds that these allegations sufficiently plead malice under California law, as they plausibly suggest "conduct which is carried on by the defendant with a conscious disregard of the rights or safety of others." *See* Cal. Civ. Code § 3294(c)(1). The Court acknowledges that SPC's explanation of the events as simple negligence is also plausible. *See* Doc. 21, at 8. Nevertheless, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are

8

plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Eclectic Prop. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Starr*, 652 F.3d at 1216)). Therefore, the Court will DENY SPC's motion to dismiss MCI's prayer for punitive damages.

### C.  Treble Damages

"Any person who willfully and maliciously does any injury to telegraph or telephone or electric power or gas property is liable to the corporation for three times the amount of actual damages sustained thereby." Cal. Pub. Util. § 7951. MCI seeks treble damages pursuant to this section based on its allegation that SPC "willfully and maliciously, and with conscious disregard of the consequences, damaged the Cables during its excavation activities on February 22, 2013." Compl. ¶ 29.

The parties agree that there is no authority that specifically addresses the pleading requirements for § 7951. Doc. 9-1, at 11; Doc. 16, at 12. In light of the similarity in goals between § 7951 and § 3294, they also agree that the same requirements for pleading willfulness and malice under § 3294 should apply to § 7951. *Id.* They disagree on whether MCI has sufficiently pleaded willfulness and malice so as to state a claim for treble damages under § 7951, and whether MCI is entitled to seek both punitive damages and treble damages at the pleading stage. Doc. 9-1, at 11; Doc. 16, at 13.

Because the parties have conceded the common ground shared by § 3294 and § 7951, and the Court has already found that the complaint states a claim for punitive damages, the Court finds that the allegations in the complaint are sufficient to sustain a claim for treble damages under § 7951. *See Starr*, 652 F.3d at 1216. As for the remaining question regarding whether MCI may pursue both punitive and treble damages at this stage in the proceedings, the Court finds instructive the lengthy discussion in *Freeman v. Alta Bates Summit Med. Ctr. Campus*, No. C 04-2019 SBA, 2004 WL 2326369, *2-7 (N. D. Cal. Oct. 12, 2004), of whether a plaintiff could pursue both punitive damages under Cal Civ. Code §§ 52(a) and 54.3(a) pursuant to § 3294, despite the fact that Cal. Civ. Code §§ 52(a) and 54.3(a) also explicitly provide for treble damages. *Freeman* noted that although most cases suggest statutory damages that are punitive in nature may preclude the

recovery of punitive damages under § 3294 if the damages stem from the same conduct, striking one type of remedy at the pleading stage "is premature." *Id.* at *6 (citing *De Anza Santa Cruz Mobile Home Estates Homeowners Ass'n v. DeAnza Santa Cruz Mobile Estates*, 114 Cal. Rptr. 2d 708, 721 (Cal Ct. App. 2000) ("[A]lthough an award of both statutory penalties and punitive damages may be prohibited a double recovery if based on the same conduct, it is not improper to proceed on both theories of recovery and then make an election of remedies either at trial or after trial.")).  Because at this stage, MCI can proceed with both its punitive damages claim and trebles damages claim, the Court therefore DENIES SPC's motion to dismiss the treble damages claim. *See id.*

## CONCLUSION AND ORDERS

For these reasons, SPC's Motion to Dismiss (Doc. 9) is **GRANTED IN PART and DENIED IN PART,** as follows:

1. The Motion is **GRANTED with leave to amend** as to MCI's trespass claim;
2. The Motion is **DENIED** as to MCI's punitive damages claim;
3. The Motion is **DENIED** as to MCI's treble damages claim.

IT IS SO ORDERED.

Dated:   **April 12, 2016**          /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE