1  Robert D. Shoecraft, SBN 96217
   *rshoecraft@sbcivillaw.com*
2  SHOECRAFT BURTON, LLP
   1230 Columbia Street, Suite 1140
3  San Diego, CA  92101
   Telephone (619) 794-2280
4  Facsimile (619) 794-2278

5  James J. Proszek
   *jproszek@hallestill.com*
6  HALL, ESTILL, HARDWICK, GABLE,
   GOLDEN & NELSON, PC
7  320 South Boston Avenue, Suite 200
   Tulsa, OK  74103-3706
8  Telephone (918) 594-0400
   Facsimile (918) 594-0505
9

10 ATTORNEYS FOR PLAINTIFFS

   Rayma Church, SBN 154897
   *rchurch@lawemerson.com*
   Ryan D. Libke, SBN 193742
   *rlibke@lawemerson.com*
   EMERSON · CHURCH
   2520 West Shaw Lane, Suite 102
   Fresno, CA  93711-2765
   Telephone (559) 432-7641
   Facsimile (559) 432-7639

   ATTORNEYS FOR DEFENDANT

11              UNITED STATES DISTRICT COURT

12            EASTERN DISTRICT OF CALIFORNIA

13

14 MCI COMMUNICATIONS SERVICES,
   INC. and MCIMETRO ACCESS
   TRANSMISSION SERVICES LLC,          Case No. 1:15-CV-01940-LJO-JLT
15
                                       **STIPULATED PROTECTIVE ORDER**
16              Plaintiffs,
                                       **(Doc. 33)**
17 v.

18 SECURITY PAVING COMPANY, INC.,

19              Defendant.

20

21        Plaintiffs MCI Communications Services, Inc. and MCIMetro Access Transmission

22 Services LLC (collectively "MCI") and Defendant Security Paving Company, Inc. ("Security")

23 (collectively "the Parties") hereby stipulate to this order protecting the confidentiality of certain

24 proprietary business and financial information or documents relating to the subject matter of this

25 action as follows:

26        1.      MCI possesses certain confidential and proprietary information and/or documents

27 relating to the direct and root causes of the damage to MCI's underground telecommunications

28

1  cable and/or networks that gives rise to this action, the duration of the disruption to MCI's
2  network, the range and types of services affected, the scope and gravity of the impact across all
3  platforms and geographic areas, specific equipment failures, the specific network elements
4  impacted, remedial measures and/or best practices applied, and/or an appraisal of the
5  effectiveness of those best practices which, in the course of discovery, may need to be disclosed
6  or produced.

7       2.      The Federal Communications Commission (the "FCC") and the Department of
8  Homeland Security (the "DHS") have concluded that such information could be used by hostile
9  parties to attack MCI's telecommunications network that is a vital part of the Nation's critical
10 information infrastructure and that the disclosure of such information to the public could present
11 an unacceptable risk of more effective terrorist activity.  See In the Matter of New Part 4 of the
12 Commission's Rules Concerning Disruptions to Communications, FCC 04-188, ET Docket
13 No. 04-35, Report and Order and Further Notice of Proposed Rule Making (Released Aug. 19,
14 2004) at ¶¶ 3,10-12, 40 (hereinafter the "FCC Order").

15      3.      In the course of discovery it may also be necessary for MCI to disclose or produce
16 certain confidential or proprietary information, and/or documents containing confidential or
17 proprietary information, regarding the identities of specific customers affected by the damage to
18 the cable and the types of, amounts of, and durations, those customers' services were impacted.

19      4.      The FCC has concluded that, given the highly competitive nature of the
20 telecommunications industry and the use MCI's competitors could make of such information, the
21 disclosure of such information creates a presumptive likelihood of substantial competitive harm.
22 See FCC Order at ¶¶ 42-45.

23      5.      In the course of discovery it may be necessary for both Parties to disclose or
24 produce:

25      a.      confidential or proprietary information and/or documents containing confidential
26 or proprietary information concerning the Parties' business practices  and finances, including, but
27 not limited to corporate business and financial records; or

28

b.      other confidential or proprietary information and/or documents containing confidential or proprietary information, the release of which could cause significant harm to Parties.

6.      In light of these circumstances, good cause exists for the entry of the Protective Order to ensure that such information or documents are not disclosed to third parties or used for any purpose other than this litigation.   The Court is authorized to enter a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G).

7.      For purposes of this Order, "proprietary or confidential information or documents" means any material, information, document (including writings, drawings, graphs, charts, photographs, phone records, transcript of oral testimony or recorded statement, and other data compilations from which information can be obtained) or its contents, or tangible things designated by any Party as confidential or proprietary because it contains information:

a.      Relating to the direct and root causes of the damage to MCI's underground telecommunications cable and/or networks that gives rise to this action, the duration of the disruption to MCI's network, the range and types of services affected, the scope and gravity of the impact across all platforms and geographic areas, specific equipment failures, the specific network elements impacted, remedial measures and/or best practices applied, and/or an appraisal of the effectiveness of those best practices;

b.      Regarding the identities of specific customers affected by the damage to the cable and the types of, amounts of, and durations, those customers' services were impacted.

c.      The Parties' confidential and proprietary business practices and finances, including, but not limited to corporate business and financial records.

d.      Other confidential and proprietary information, the release of which could cause significant harm to the Parties.

This Order shall govern the use of confidential or proprietary information or documents disclosed to or produced by any Party to any other Party in this litigation voluntarily, in discovery (including depositions), under court order or subpoena, or otherwise.

8.      For purposes of this Order, confidential or proprietary information or documents shall be so designated by the following:

a.      The notation "CONFIDENTIAL" on the face of the document,

b.      Written correspondence from the providing Party to the receiving Party regarding the designation,

c.      Oral notice of the designation on the record during a deposition or other recorded proceeding, or

d.      Any other written or recorded method that is reasonably designed to notify the receiving Party that the information or document has been designated confidential or proprietary or that should reasonably have been understood by the receiving Party as designating the information or documents as confidential or proprietary because of the legends or other markings, the circumstances of the disclosure, or the nature of the information or documents themselves.

3.      All confidential or proprietary information or documents provided by any Party to any other Party shall be used only for the purposes of this litigation and for no other purpose whatsoever.  Confidential or proprietary information or documents shall not be disclosed to any other person except as provided in this Order.

4.      A Party that receives information or documents designated as confidential shall not disclose them or their contents to or discuss them or their contents with anyone except for the purposes of this litigation only to the following persons:

a.      The receiving Party's counsel and their legal staff (e.g., paralegals and clerical or other support staff).

b.      Employees or agents of the receiving Party only when necessary for the receiving Party or its witnesses, employees, or agents to prepare for depositions, hearings, or trial; respond to discovery requests; prepare papers to be filed with the Court; or otherwise directly assist the receiving Party's counsel in this litigation.

c.      Consultants and expert witnesses employed or retained by or on behalf of the receiving Party to assist the receiving Party or its counsel in this litigation.

d.      Representatives of an insurer of the receiving Party to assist the receiving Party or its counsel in this litigation, including the evaluation of the case and participation in any settlement negotiations or discussions or alternative dispute resolution procedures.

e.      The Court, subject to the providing Party's right to object to such disclosure.

5.      Each person designated in paragraph 4(b)-(d) above to whom confidential or proprietary information or documents are provided or otherwise disclosed shall agree in writing to be bound by the terms of this Order before being provided the information or documents.  Each such person shall sign a written agreement in the form attached as Exhibit "A."  Counsel for the receiving Party shall maintain a file of written agreements executed by all such persons. The file of written agreements shall not be available to opposing Parties or their counsel during the litigation except upon a showing of good cause made upon application to the Court. Upon termination of this litigation, whether by judgment, settlement or otherwise, those written agreements shall be made available to the providing Party or its counsel on request.

6.      If a Party files a pleading, motion, transcript, or other paper with the Court that references any confidential or proprietary information or documents or their contents, the Party shall follow the procedures set forth in LR 141 for filing documents, or portions thereof, under seal.

7.      No confidential or proprietary information or documents disclosed or produced pursuant to this Order may be reproduced, except as necessary or required in litigation for depositions, motion practice, trial preparation, exhibits or trial.

8.      Whenever a Party takes a deposition in which another Party's proprietary or confidential information or documents may be or is disclosed:

a.      The deposition shall be subject to the provisions of this Order on the designation of the Party whose witness is deposed. Such designation shall be made on the record whenever possible; and

b.      A Party may designate portions of a deposition transcript as containing confidential or proprietary information or documents after transcription if the providing Party

promptly notifies all other Parties of the designation in writing and the transcript or its contents have not already been disseminated beyond the class of persons designated in paragraph 4 of this Order.

9.     A Party may waive the protections of this Order by so stating in a signed and dated writing.

10.     If the Parties disagree regarding whether material has been designated properly as confidential or proprietary information or documents under this Order, on written request by the Party opposing the designation, the providing Party promptly will state, in writing, the basis for its claim that the material contains confidential or proprietary information or documents. If the disagreement cannot be resolved between counsel, the Party opposing the designation may refer the issue to the Court for a determination. The burden of demonstrating that the material is confidential or proprietary information or documents shall be on the providing Party. The material shall be treated as confidential or proprietary information or documents until the Court rules on the issue.

11.     Within 90 days after termination of this litigation, each Party subject to this Order shall return to the providing Party all material subject to this Order, including all photocopies. This paragraph does not apply to copies that contain markings that constitute attorney work product of the receiving Party's counsel. The receiving Party and its counsel, however, must destroy such copies on termination of this litigation.  Counsel for a receiving Party must certify compliance with this paragraph and deliver the certification to counsel for the providing Party. After a Party has returned or destroyed all material subject to this Order, the Party is relieved of any further obligations under this Order. This litigation is not deemed terminated until a settlement agreement is executed by all Parties or a full and final non-appealable judgment has been entered by the Court.

12.     A Party's production or disclosure of confidential or proprietary information or documents pursuant to this Order shall not be deemed a waiver of confidentiality or other privileges.

13.     No act or omission by any Party and nothing stated in this Order shall be interpreted as a waiver of any claim, defense, or objection by any Party.

14.     Notwithstanding the terms of this Order, each Party shall have the right to object to any discovery or to apply to the Court at any time for an order granting additional protective or other relief with respect to any confidential, proprietary, or privileged material.

15.     This Order does not require any Party to produce any documents or information that are not otherwise subject to discovery.

16.     In addition to any other legal or equitable remedy that may be available, the rights and obligations set forth in this Order may be enforced by injunction.

17.     Nothing in this Order shall prevent any of the Parties from using or disclosing their own documents.

18.     Neither the terms of this Order, nor any action taken in compliance with it, shall (a) operate as an admission by any of the Parties that any document or information is, or is not, confidential or proprietary, (b) prejudice the right of any Party to seek a Court determination of whether any document or information should be subject to the terms of this Order, or (c) operate as an admission by any Party that any document or information is, or is not, admissible in evidence at the trial of this action.  Any Party may request that the Court modify or otherwise grant relief from any provision of this Order.

IT IS SO ORDERED.

Dated:   **June 20, 2016**                    **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE

1    AGREED AS TO FORM AND SUBSTANCE:

2

3

4

     /s/ James J. Proszek_____          /s/ Rayma Church_____
5
     Robert D. Shoecraft, SBN 96217                Rayma Church, SBN 154897
6    *rshoecraft@sbcivillaw.com*                   *rchurch@lawemerson.com*
     SHOECRAFT BURTON, LLP                         Ryan D. Libke, SBN 193742
7    1230 Columbia Street, Suite 1140              *rlibke@lawemerson.com*
     San Diego, CA  92101                          EMERSON · CHURCH
8    Telephone (619) 794-2280                      2520 West Shaw Lane, Suite 102
     Facsimile (619) 794-2278                      Fresno, CA  93711-2765
9                                                  Telephone (559) 432-7641
        and                                        Facsimile (559) 432-7639
10
     James J. Proszek, *Pro Hac Vice*
11   *jproszek@hallesitll.com*                     ATTORNEYS FOR DEFENDANT
     HALL, ESTILL, HARDWICK, GABLE,
12   GOLDEN & NELSON, P.C.
     320 South Boston Avenue, Suite 200
13   Tulsa, OK  74103-3706
     Telephone:  (918) 594-0400
14   Facsimile:  (918) 594-0505

15   ATTORNEYS FOR PLAINTIFFS

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

## **AFFIDAVIT**

STATE OF _____ )
                                              )  ss.
COUNTY OF _____ )

      Before me, the undersigned Notary Public, personally appeared _____ who, after being duly sworn, deposes and says:

      1.     That affiant is a resident of _____ and is an employee of _____, with business offices at _____.

      2.     That affiant is aware that there is presently pending in the United States District Court for the Eastern District of California, a civil action styled <u>MCI Communications Services, Inc. and MCIMetro Access Transmission Services LLC v. Security Company, Inc.</u>, Case No. 1:15-CV-01940-LJO-JLT.

      3.     That affiant is aware that on _____ the Court entered a Protective Order in the above referenced civil action ("Protective Order"), which restricts access to and use of certain confidential information as defined in that Order.

      4.     That affiant has read and understands the Protective Order and agrees to be bound by all of its terms and conditions.  Affiant further understands that a violation of any of the terms of the Protective Order may be considered an act in contempt of court and may be punishable as such.

      5.     That upon the final determination of this action, whether by judgment, settlement or otherwise, affiant will, at the request of the counsel of record who provided him with such information, return to that counsel of record all documents and things containing confidential information, and all copies, summaries and abstracts thereof, that have been delivered to him by such counsel of record, as well as all copies, summaries and abstracts thereof made after such delivery to him.

FURTHER, AFFIANT SAYETH NOT.

_____

SUBSCRIBED AND SWORN TO before me this ____ day of _____, 20__.

_____
Notary Public

My commission expires:

_____

2684749.1:915100:00207